# Heslop *et al.* *versus* Bush *et al.*

1. The court has power to recommit an award under the Compulsory Arbitration Law, June 6th 1836, upon the affidavit of the arbitrators, for correction of a clerical error in the amount found by them.   .
2. Arbitrators passed upon an item submitted to them; in making their award they omitted accidentally to take it into their calculation.   *Held*, that the award was on their affidavit properly sent back to them for correction.
3. In such case the party's right of appeal must be protected.
4. Where the arbitrators misbehave themselves, or the award is procured by corruption, &c., the court strikes it down; when a clerical error is corrected it is the exercise by the court of the power of amendment.

October — 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Cambria county:* Of October and November Term 1875, No. 210.

The proceedings in this case were instituted before a justice of the peace by Joseph Bush, David Rees, George Rich and William Rich, against Joseph Heslop and Mary Heslop.   The defendants appealed from his judgment, and the appeal was entered in the District Court of Cambria, October 3d 1874.   A rule of reference was entered in the case, and the arbitrators awarded for the plaintiffs $39.52, with costs; the award was filed February 18th 1875.

The record then shows as follows :—

[Heslop v. Bush.]

"February 24th — 1875. On motion of D. LcMaughlin, attorney for plaintiffs, and upon affidavit of John M. Bowman, John H. Dibert and Jacob Swank (the arbitrators), rule to show cause why the award should not be referred back to the arbitrators to correct clerical error in the amount found by arbitrators in favor of plaintiffs."

The rule was made absolute.

The arbitrators reported :—

"In pursuance of the foregoing order of the District Court of Cambria county, the arbitrators therein named met at the time and place designated in said order, and corrected their previous award as follows, to wit : By excluding the individual account of Joseph Heslop, the defendant, against George Rich, one of the plaintiffs, to the amount of nineteen dollars and fifty-seven cents, which was intended to have been excluded in their original award, but which was included in their calculation by mistake, thus reducing their intended award to that extent. They, therefore, now, upon revision, award to the plaintiffs the sum of fifty-seven dollars and eighty-eight cents, with costs, as originally intended."

The court entered judgment on the last award.

The defendants took a writ of error. They assigned for error : entertaining the motion for the rule to show cause, &c., and making the rule absolute.

*H. H. Kuhn*, for plaintiff in error.—When the arbitrators are sworn their jurisdiction has attached and the cause is out of court, who can make inquiry into the proceedings only if the arbitrators have misbehaved themselves, or the award was procured through corruption, &c. : Act of June 16th 1836, sect. 26, Pamph. L. 722, 1 Br. Purd. 85, pl. 53 ; Walls v. Wilson, 4 Casey 514 ; otherwise appeal is the only remedy : Thompson v. White, 4 S. & R. 135 ; Wilson v. Hamilton, Id. 238 ; Wynn v. Bellas, 10 Casey 160.

*D. McLaughlin*, for defendants in error.—If there be mistake in calculation or other such error in an award, it may be recommitted for correction : Morse on Arbitration 329 ; Kleine v. Cabara, 2 Gall. 61 ; Blood v. Robinson, 1 Cush. 389 ; Cumberland v. North Yarmouth, 4 Greenl. 459 ; Christman v. Thompson, 3 S. & R. 133. This is in the discretion of the court : Gratz v. Phillips, 14 S. & R. 144.

Judgment was entered in the Supreme Court, November 4th 1875,

PER CURIAM.—In this case the court referred the award back to the arbitrators to correct a clerical error in the amount found by them for the plaintiff, upon the application and affidavit of the arbitrators themselves. It was not on account of any change of opinion of the arbitrators, or supposed error of judgment, but simply to cor-

[Heslop *v.* Bush.]

rect their calculation in consequence of the accidental omission of a sum actually passed upon and found by them. This was the exercise, by the court, only of a power of amendment over a clerical error, not a setting aside of the award. The 26th section of the Act of 16th of June 1836, relating to arbitration, says : "It shall be lawful for the court to set aside an award of arbitrators, on due proof that arbitrators misbehaved themselves, or that the award was procured by corruption or undue means." In that case the court absolutely strikes down the award ; but in this it merely gives its permission to the arbitrators to amend their award so as to make it actually conform to their own findings. Of course in such a case the court will, by their order, protect the party's right of appeal, if it be necessary.

We think there was no illegal exercise of the power of the court in this case.

Judgment and order affirmed.